**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LISA PAYEUR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-00741 |
| | ) | |
| THE BOEING COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1331, 1332, 1441, and 1446, Defendant The Boeing Company ("Boeing") hereby gives notice of the removal of the above-styled action to this Court from the Circuit Court of St. Louis County, Missouri. In support of its Notice of Removal, Boeing states as follows:

**THE STATE COURT ACTION**

1.      On or about April 20, 2023, the action styled *Lisa Payeur v. The Boeing Company*, Case No. 23SL-CC01663, was filed in the Circuit Court of St. Louis County, State of Missouri.

2.      This action arises from Plaintiff's employment, and Boeing was Plaintiff's employer.

3.      In her Petition, Plaintiff purports to bring claims of discrimination and retaliation related to her employment with Boeing. *See* Plaintiff's Amended Petition, attached hereto as part of the state court file in Exhibit A.

4.      Boeing was served with a summons and a copy of Plaintiff's Petition on May 8, 2023.

5.      This Notice of Removal is timely because it is filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

6. Further, removal to this Court is appropriate because the case is pending in the Circuit Court of St. Louis County, Missouri, which is located in the Eastern District, Eastern Division's jurisdiction. 28 U.S.C. § 1441(b).

## FEDERAL QUESTION

7. The Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1331 because Plaintiff has filed a cause of action arising under the laws of the United States; namely, Title VII and the FMLA. Ex. A, Petition ¶ 5.

8. The State Court Action, therefore, may be removed to this Court by Boeing pursuant to 28 U.S.C. § 1441(a).

## DIVERSITY OF CITIZENSHIP

9. In addition to federal question jurisdiction, this Court has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.

10. Under 28 U.S.C. § 1332(a)(1), the district court "shall have original jurisdiction of all civil actions where the matter in controversy. . . is between citizens of different States."

11. At the time the action was filed, Plaintiff was a citizen of the State of Missouri. *See* Ex. A, Petition ¶ 2.

12. At the time the action was filed and at all times since, Boeing was and continues to be a corporation incorporated under the laws of Delaware and with its principal place of business in Virginia.

13. Because Plaintiff is a citizen of a different state than Boeing, there is complete diversity of citizenship among the parties pursuant to 28 U.S.C. § 1332, and the action is removable pursuant to 28 U.S.C. § 1441(b).

## AMOUNT IN CONTROVERSY

14.     Boeing denies that it has engaged in any unlawful conduct or that Plaintiff is entitled to any relief. However, assuming *arguendo* that Plaintiff should be entitled to damages in this case, the amount in controversy clearly exceeds the $75,000 minimum jurisdictional amount for 28 U.S.C. § 1332, exclusive of interest and costs.

15.     Plaintiff's Petition seeks damages in an unspecified amount "greater than $25,000." Ex. A, Petition, p. 13 WHEREFORE paragraph.

16.     Plaintiff's alleged damages include actual, punitive, liquidated, and compensatory damages, front and back pay, emotional distress and hedonic damages, with pre-judgement and/or post-judgment interest, attorneys' fees and costs. *See* Ex. A, Petition ¶¶ 64-67, 91, 100-102, and "WHEREFORE" Clauses. Although the Petition does not allege a total amount of damages sought, Boeing believes in good faith that the amount in controversy exceeds $75,000, based on the allegations in the Petition, and without any admission as to the merits of those allegations.

17.     Courts consider attorneys' fees in determining whether the amount in controversy exceeds $75,000. *See Allison v. Sec. Ben. Life Ins. Co.*, 980 F.2d 1213, 1215 (8th Cir. 1992); *Capital Indem. Corp. v. Miles*, 978 F.2d 437, 438 (8th Cir. 1992).  If Plaintiff prevails on her claims at trial, there is a legal certainty that her attorneys' fees themselves will exceed $75,000. *See e.g., Baker v. John Morrell & Co.*, 382 F.3d 816, 832 (8th Cir. 2004) (affirming award of $163,198.91 in attorneys' fees and $11,728.23 in costs); *Allen v. Tobacco Superstore, Inc.*, 475 F.3d 931, 935 (8th Cir. 2007) (affirming award of $74,905 in attorney fees, plus other damages); *Campos v. City of Blue Springs, Missouri*, 289 F.3d 546, 553 (8th Cir. 2002) ($79,238.70 in attorneys' fees awarded to prevailing plaintiff in discriminatory discharge case); *Kline v. City of*

*Kan. City, Mo. Fire Dept.*, 245 F.3d 707, 708 (8th Cir. 2001) ($277,900 in attorneys' fees);

*Arneson v. Callahan*, 128 F.3d 1243, 1248 (8th Cir. 1997) ($178,610 in attorneys' fees).

18.    Compensatory damages for emotional distress in discrimination cases often range from $50,000 to $150,000, even when the only evidence of emotional distress comes from the testimony of the plaintiff and not an expert witness or treating healthcare provider. *See Gray v. Tyson Foods, Inc.*, 46 F. Supp. 2d 948, 960–61 (W.D. Mo. 1999) (affirming award of compensatory damages of $50,000, which was reduced from a jury award of $185,000); *Kim v. Nash Finch Co.*, 123 F.3d 1046, 1053 (8th Cir. 1997) (affirming award of $100,000 in non-economic damages for emotional distress and loss of enjoyment of life, which was reduced from a jury award of $1.5 million); *Kucia v. Southeast Arkansas Community Action Corp*., 284 F.3d 944, 947-48 (8th Cir. 2002) ($50,000 in compensatory damages for emotional distress); *Ross v. Douglas County, Nebraska*, 234 F.3d 391, 397 (8th Cir. 2000) ($100,000 for emotional distress); *Kientzy v. McDonnell Douglas Corp*., 990 F.2d 1051, 1061-62 (8th Cir. 1993) ($125,000 for mental anguish and suffering).

19.    Plaintiff also seeks punitive damages, which often results in large punitive awards. *See, e.g., Kimzey v. Wal-Mart Stores, Inc*., 107 F.3d 568, 576–77 (8th Cir. 1997) (affirming judgment awarding $350,000 in punitive damages, which was reduced from a jury award of $50 million); *Gray v. Tyson Foods, Inc.,* 46 F. Supp. 2d 948, 960–61 (W.D. Mo. 1999) (affirming judgment awarding $100,000 in punitive damages, which was reduced from a jury award of $800,000); *see also Kim*, 123 F.3d at 1053 (affirming judgment awarding $300,000 in punitive damages, which was reduced from a jury award of $7 million).

4

20.     Accordingly, the preponderance of the evidence demonstrates that, if Plaintiff prevails on her claims, her damages and attorneys' fees will easily exceed $75,000, and the jurisdictional amount in controversy requirement is met.

## CONCLUSION

21.     Plaintiff's state court action may be removed pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1446. Federal subject matter jurisdiction for purposes conferred by 28 U.S.C. § 1331 exists. Additionally, there is diversity of citizenship subject matter jurisdiction conferred by 28 U.S.C. § 1332(a)(1) and the amount in controversy exceeds $75,000 exclusive of interest and costs.

22.      Pursuant to 28 U.S.C. § 1446(d), Boeing has given written notice of its filing of this Notice to counsel for Plaintiff. Boeing will also promptly file a copy of this Notice with the Circuit Court of St. Louis County, State of Missouri.

23.      Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served on Boeing in the State Court are attached to this Notice as Exhibit B.

WHEREFORE, Defendant The Boeing Company, by and through its counsel, desiring to remove this civil action to the United States District Court for the Eastern District of Missouri, Eastern Division, prays that the filing of this Petition and Notice of Removal, the giving of written notice thereof to Plaintiff, and the filing of a copy of this Petition for the Notice of Removal with the clerk of the Circuit Court of St. Louis County, State of Missouri, shall effect the removal of said civil action to this Honorable Court.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**

/s/ *Mallory S. Zoia*
Mallory S. Zoia,  #70377MO
Samantha M. Adams, #74543MO
7700 Bonhomme Avenue, Suite 650
St. Louis, MO  63105
Telephone:  314-802-3935
Facsimile:  314-802-3936
mallory.zoia@ogletree.com
samantha.adams@ogletree.com

***Attorneys for The Boeing Company***

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of June, 2023, the foregoing was electronically filed with the Court Administrator through the electronic filing system, and a copy was served by first class mail, postage prepaid, to Plaintiff's counsel of record:

Jeffrey D. Hackney
HKM Employment Attorneys, LLP
7382 Pershing Ave., Suite 1W
St. Louis, MO 63130

***Attorney for Plaintiff***

/s/ *Mallory S. Zoia*
***An Attorney for The Boeing Company***